WILLIAM G. BRECK *vs.* DAVID A. ADAMS & another.

The purchaser of intoxicating liquors, sold contrary to *St.* 1852, *c.* 322, may maintain an action for a wrongful taking of them from his possession, notwithstanding § 19 of that statute.

ACTION OF TORT against the city marshal of Springfield and his assistant, for taking and destroying intoxicating liquors under an order of the police court of Springfield, issued under *St.* 1852, *c.* 322, § 14, which was held unconstitutional and void by this court in *Fisher* v. *McGirr*, 1 Gray, 1.

At the trial in the court of common pleas at March term 1854, before *Mellen*, J. the plaintiff, for the purpose of proving his title to the liquors, under a sale from Sheldon Webster, introduced the following evidence: Webster and the plaintiff both resided in Springfield. On the passing of the *St.* 1852, *c.* 322, Webster (who had previously been a dealer in wines and liquors at Springfield, but was not licensed,) gave up his shop in Springfield, but retained an office there, and opened a similar shop in Hartford

(Conn.) ; and was afterwards in the habit of receiving orders at Springfield and supplying them from his stock at Hartford ; and on the 15th of August 1853, pursuant to an order given him by the plaintiff at Springfield, made out a bill for the liquors in question at his shop in Hartford, and kept it in his pocket until it was paid by the plaintiff at Springfield; and the liquors were taken from his store at Hartford, and brought by railroad to Springfield, and there put in his storehouse, and he delivered to the plaintiff a receipt acknowledging that he 'held them in storage for him.    There was no evidence who paid the freight from Hartford to Springfield.

The *St.* of 1852, *c.* 322, § 19, provides that " no action of any kind shall be had or maintained, in any court in this common- wealth, for the recovery or possession of intoxicating liquors, or the value thereof, except such as are sold or purchased in ac- cordance with the provisions of this act."

*Mellen*, J. was of opinion that the sale from Webster to the plaintiff was made in this commonwealth, and ruled that the action could not be maintained; the jury returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*E. W. Bond*, for the plaintiff.

*H. Morris & L. Norton*, for the defendants.

BIGELOW, J.    It is entirely immaterial to the decision of this case, whether the sale of the liquors taken by the defendants was made in this commonwealth, or in Connecticut.    The evi- dence clearly proves a sale and constructive delivery of them to the plaintiff, so as to vest the property in him before they were seized by the defendants.    He therefore had the right of prop- erty and possession, and can well maintain this action.    It is not a suit to recover the price of liquors sold in violation of law, but to recover the value of property wrongfully taken by the defend- ants.    They show no justification for the seizure.    They were mere wrongdoers.    The provisions of *St.* 1852, *c.* 322, § 19, do not operate to prevent the owners of intoxicating liquors from maintaining an action to recover them or their value, when they are tortiously taken from their possession.    This was dis- tinctly settled in *Fisher* v. *McGirr*, 1 Gray, 46.

*Exceptions sustained.*